# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| ANTHONY C. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11-CV-351 JVB |
| | ) | |
| FORT WAYNE POLICE DEPARTMENT, | ) | |
| OFFICER 1794, OFFICER 14967, and | ) | |
| TWO UNKNOWN OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on pro se Plaintiff Anthony Martin's motion for remand (DE 11).

**A.  Background**

This action originated with Plaintiff's complaint filed in Allen Superior Court on February 22, 2011.  However, Defendants were not served with the summons and complaint until around September 28, 2011.[1]  Plaintiff alleges in the complaint that on February 17, 2011, Defendants violated his Fourth Amendment rights by searching him and his vehicle without probable cause and using excessive force.  He also raises state law claims, including defamation and intentional infliction of emotional distress, relating to the same incident.

Defendants filed their notice of removal on October 6, 2011, explaining that removal is proper under 28 U.S.C. §§ 1441 and 1446.[2]  On October 19, 2011, Plaintiff filed this motion for remand, arguing that the Court does not have jurisdiction over Plaintiff's state law claims and

---

[1] No proof of service has been filed.  Defendants assert that they were served on September 28, 2011, and Plaintiff does not challenge the assertion.

[2] Title 28 U.S.C. § 1446 sets out the procedure for removing a case to federal court.  Plaintiff does not argue that Defendants did not follow the proper procedure.

that by removing his suit to federal court Defendants are forum shopping.[3]

**B.    Applicable Law**

Title 28 U.S.C. § 1441 sets out what cases may be removed to federal court:

(a)    Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

(b)    Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Accordingly, if some other statute confers federal court jurisdiction over an action that is filed in state court, a defendant may remove it to federal court.

Title 28 U.S.C. § 1331 governs federal question jurisdiction:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Title 28 § 1367 provides for supplemental jurisdiction over related state law claims:

(a)    Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**C.    Discussion**

---

[3] He also mentions diversity issues but failed to develop any argument regarding such issues. Indeed, to do so would be pointless because Defendants do not claim that this Court's jurisdiction rests on diversity of citizenship.

2

The complaint Plaintiff filed in Allen Superior Court presents federal claims arising under the Fourth and Fourteenth Amendments to the United States Constitution, making them federal questions. Thus Plaintiff could have filed his suit in this Court originally under 28 U.S.C. § 1331. Moreover, because his state law claims arise out of the same incident as the federal claims, Plaintiff's encounter with Fort Wayne police officers on February 17, 2011, they are so closely related to the federal claims that they form a part of the same controversy. Since they accompany closely related federal claims, the state claims too could have been brought in this Court originally under 28 U.S.C. § 1367. Because this District Court would have had original jurisdiction over both the federal and state claims, the case was properly removed from state court under 28 U.S.C. § 1441. While Plaintiff may consider this forum shopping, it is forum shopping that is expressly authorized by federal law. As Defendants explained in their response to his motion, Plaintiff's federal claims will be decided under federal law while the laws of the state of Indiana will apply to his state law claims.

**D.     Conclusion**

Plaintiff has presented no grounds for remand of this case to state court. Plaintiff's motion for remand (DE 11) is DENIED.

SO ORDERED on November 8, 2011.

s/ Joseph S. Van Bokkelen<br>
Joseph S. Van Bokkelen<br>
United States District Judge<br>
Hammond Division