UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Anthony C. Martin,<br><br>    Plaintiff,<br><br>    v.<br><br>Fort Wayne Police Department, Officer #1794, Officer #14967, Unknown Officer, Unknown Officer, The City of Fort Wayne, Mayor Tom Henry, and Chief of Police Russell York,<br><br>    Defendants. | Case No. 1:11-CV-351JVB-RBC |

**OPINION AND ORDER**

In this § 1983 lawsuit, Plaintiff Anthony Martin complains about an alleged February 17, 2011, incident with Fort Wayne Police Department officers. He claims the officers wrongfully searched his person and car; used excessive force; failed to intervene; behaved vindictively; and harassed, retaliated, and defamed him. Plaintiff alleges this caused mental stress and anguish. He asserts that Defendants violated his Fourth and Fourteenth Amendment rights, as well as his state law rights.

After discovery closed, Defendants the City of Fort Wayne, the Fort Wayne Police Department, Mayor Tom Henry, and Police Chief Russell York move for summary judgment on all of Plaintiff's claims. Upon review, the Court grants the motion as detailed below.

**A. Defendants Provided Plaintiff with Sufficient Notice**

Plaintiff claims he was not served with the Motion for Summary Judgment. (Pl.'s Notice to the Court, DE 105.) If so, a ruling on Defendants' motion would have to wait until Plaintiff is

properly served. "[A] district court cannot properly act on a motion for summary judgment without giving the opposing party a reasonable opportunity to submit affidavits that contradict the affidavits submitted in support of the motion." *Lewis v. Faulkner*, 689 F.2d 100, 101 (7th Cir. 1982). A reasonable opportunity requires notice, and mere time is not enough, if knowledge of the consequences of not making use of it is wanting. *Id.* The notice must include a short and plain statement of the need to respond, giving both the text of Rule 56(e) and an explanation of the rule in plain English. *Id.* at 102; *see also* N.D. Ind. L.R. 56-1(f).

Here, Defendants sent both the Motion for Summary Judgment and notice to Plaintiff at his stated address via certified mail, and Plaintiff's mother signed the receipt form at Plaintiff's listed address. (Defs.' Response to Pl.'s. Notice to the Court, DE 106-1 at 2; DE 106 at 2.) The motion quoted Rule 56, explained the rule in plain English, and provided the consequences of inaction. (Defs.' Notice of Filing Mot. Summ. J., DE 104.) This notice included all the requirements necessary when filing against a *pro se* plaintiff. Therefore, the Court rejects Plaintiff's lack of notice argument.

**B. Summary Judgment Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

## C. Summary of Events

In his Amended Complaint, Plaintiff alleged that as he was driving on Rudisill Boulevard in Fort Wayne, a fully marked police car maneuvered its way behind him. (Pl.'s Am. Compl., DE 9 at 1.) He claims that soon after that, several unknown Fort Wayne police officers snatched him out of his car, handcuffed him and placed him in the back of a police car, searched his person and car, and struck the side of his body, as well as his neck. (*Id.*) He further alleges that the

officers detained him for twenty to twenty-five minutes before releasing him with a warning that he would be arrested if he did not immediately leave the scene. (*Id.* at 1–2.) However, the Plaintiff did not support these alleged facts with any evidence.

While he alleges that the Defendants committed several violations of federal and Indiana state law, he never responded to Defendants' Motion for Summary Judgment or provided any evidence to support these allegations. When a party fails to properly address another party's facts, the court may consider those facts undisputed. Fed. R. Civ. P. 56(e)(2). Unlike Plaintiff, Defendants submitted their facts and supported them with evidence. Because Plaintiff did not challenge these facts, the Court considers them admitted.

The only submitted evidence is part of Plaintiff's redacted deposition. During his deposition, Plaintiff said he drove a green Blazer. (Martin Dep. 9:23–10:1, Aug. 6, 2012.) Plaintiff's mother owns this Blazer. (*Id.* at 10:4–5.) Plaintiff is not claiming any injuries and did not seek medical care from this incident. (*Id.* at 61:12–14, 63:1–3.)

On December 12, 2012, Plaintiff filed a motion to amend his Complaint to supplement the unknown officers' names. (DE 86.) Magistrate Judge Roger Cosbey denied this motion on January 23, 2013 because Plaintiff filed it more than seven months after the May 1, 2012 deadline. (DE 94 at 1,3).

**D. There is no Evidence Supporting Plaintiff's Indiana State Law Claims**

Although Plaintiff alleges a series of claims against the defendants for defamation, negligence, mental anguish and stress, harassment, and retaliation, he provided no evidence to support these claims. Nothing in the facts suggests that any of the defendants or their agents participated in such conduct. Therefore, these state law claims will be dismissed.

## E. Section 1983 Standards

Under 42 U.S.C. § 1983, Plaintiff alleges in his Amended Complaint violations of his rights guaranteed by the Fourth and Fourteenth Amendments. Section 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterrey v. Del Monte Dunes at Monterrey, Ltd.*, 526 U.S. 687, 749 n.9 (1999). A cause of action may be brought under § 1983 against "[e]very person who, under color of statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction therefor to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

## F. The Statute of Limitations Expired on "Officer #1794," "Officer #14967," and the other "Unknown Officers"

The Plaintiff listed two "unknown officers," as well as "Officer #1794" and "Officer #14967" as defendants. It is pointless to include lists of anonymous defendants in federal court because this type of placeholder does not open the door to relation back under Federal Rule of Civil Procedure 15(c), nor does this help a plaintiff in any way. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). "'An amendment that seeks to add a new party relates back when it asserts a claim that arises out of the same conduct, transaction, or occurrence set out in the original pleading, and when the party to be brought in received notice of the action such that it will not be prejudiced and knew or should have known that the action would have been brought against it but for a mistake concerning the party's identity.'" *Pierce v. City of Chi.*, No. 09 C 1462, 2010 WL 4636676 (N.D. Ill. Nov. 8, 2010).

Further, constitutional claims must be brought within the state's two-year statute of limitations. *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (stating that federal courts adopt state personal injury statute of limitations for § 1983 actions); *see also* Ind. Code § 34-11-2-4 (2013). If an officer is only identified in the complaint by his badge number, the motion to amend must still be made within the two year statute of limitations. *See, e.g.*, *Ensley v. Allen Cnty. Sheriff*, 1:10-CV-411, 2011 WL 2671217 (N.D. Ind. July 7, 2011) (allowing plaintiff to amend the complaint against corrections officers identified in complaint by their work numbers because the motion was made within the two year statute of limitations).

Here, Plaintiff's claims against the two "unknown officers" are meaningless because the actual officers referred to cannot possibly know they were being sued. Also, "Officer #1794" and "Officer #14967" were not served or further identified as defendants by May 1, 2012—Plaintiff's deadline to amend his complaint. Further, the statute of limitations against these officers ran on or about February 17, 2013—two years after the alleged incident occurred. As such, the Court will dismiss Plaintiff's claims against these unknown and improperly identified parties.

### G. Plaintiff's Claims against Fort Wayne Police Chief Russell York and Mayor Tom Henry Fail

Plaintiff sued both Fort Wayne's mayor and police chief for the officers' alleged conduct.

Individual liability under § 1983 must be based on a finding that the defendant caused the alleged constitutional deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). The plaintiff must demonstrate that the defendant personally participated in or directly caused the deprivation of his rights. *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). The doctrine of *respondeat superior* cannot be used under § 1983 to create liability for supervisors due to the misconduct of subordinates. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

Instead, the plaintiff must demonstrate that the defendant was personally responsible by "act[ing] or fail[ing] to act with a deliberate or reckless disregard of plaintiff's constitutional rights," or that "the conduct causing the constitutional deprivation occur[red] at [the defendant's] direction or with [the defendant's] knowledge or consent." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

No evidence shows that Police Chief York or Mayor Henry were personally involved in any conduct which violated § 1983. In fact, they neither knew about nor participated in Plaintiff's alleged encounter with the police. There can be no personal or supervisory liability for them under § 1983, so their motion for summary judgment is granted.

**H. The Fort Wayne Police Department cannot be Sued Separately from the Municipality**

Plaintiff also sued the Fort Wayne Police Department separately from the City of Fort Wayne. Municipalities may be subject to suit for constitutional violations under § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Under Indiana law, a "municipal corporation" is a "unit, . . . or other separate local governmental entity that may sue and be sued." Ind. Code § 36-1-2-10 (2013). A "municipality" is a "city or town," and "'unit' means county, municipality, or township." Ind. Code § 36-1-2-11 (2013); Ind. Code § 36-1-2-23 (2013). These statutes say nothing about a police department suing or being sued. Therefore, Indiana municipal police departments lack the capacity to sue or be sued.[1]

For these reasons, the Court finds, under Indiana law, that the Fort Wayne Police Department has no separate legal existence apart from the City of Fort Wayne and is not a suable entity under § 1983. Accordingly, the Court will grant summary judgment in favor of the Police Department.

---

[1] This finding is consistent with Seventh Circuit precedent on the issue. *See Best v. City of Portland*, 554 F.3d 698 n.* (7th Cir. 2009) (citing *West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir.1997)) (refusing to allow the police department be sued separately from the city).

## I. The City of Fort Wayne is not Liable under Section 1983

Plaintiff claims the City of Fort Wayne is liable for the officers' alleged conduct. A municipality can be held liable under § 1983 but only for an unconstitutional official policy or custom or failure to train its employees. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594–95 (7th Cir. 2003); *see also City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989) (holding that inadequacy of police training may serve as a basis of municipal liability when it evidences "deliberate indifference").

Here, there is no evidence of an unconstitutional official policy or custom. Nor is there any evidence showing the city failed to properly train its officers to deal with situations such as those alleged. Thus, the city cannot be held liable under § 1983, and the Court grants summary judgment in its favor.

## J. No Evidence That Anyone Violated the Plaintiff's Fourth or Fourteenth Amendment Rights

**(1)** *No Unreasonable Seizure*

Plaintiff claims that an officer unreasonably seized him and his car.

It is "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. This right protects citizens from state violations through the Fourteenth Amendment's Due Process Clause. *See Hudson v. Michigan*, 547 U.S. 586, 606–08 (2006) (applying Fourth Amendment protections against state actors). However, this guarantee does not prohibit all searches and seizures; only those that are

unreasonable. *United States v. Lewis*, 910 F.2d 1367, 1370 (7th Cir. 1990). Detaining a car for a traffic violation is a permissible intrusion if the stop is based on a reasonable suspicion. *Id.*

Here, no Plaintiff failed to support his claim with evidence showing a seizure let alone an unreasonable seizure occurred, even though Federal Rule of Civil Procedure 56(c) requires such a showing. Therefore, the unreasonable seizure claim fails as a matter of law.

**(2)** *No Unreasonable Search*

Plaintiff also alleges in his Amended Complaint that an unknown officer and Officer "J. Franscio #14967" (though Plaintiff never amended his list of Defendants to add this officer) unreasonably searched him. However, Plaintiff failed to support his unreasonable search claim with evidence—as required by Federal Rule of Civil Procedure 56(c)—that any officer even contacted Plaintiff. No officer searched Plaintiff's person or car, let alone did so unreasonably.

**(3)** *No Excessive Force*

Further, Plaintiff claims that several officers used excessive force against him.

"Force" is "[p]ower, violence, or pressure directed against a person or thing." *Black's Law Dictionary* 673 (8th ed. 2004). "Excessive force" is "unreasonable or unnecessary force under the circumstances." *Id.* If an officer does not touch the plaintiff, there can be no excessive force claim. *See, e.g.*, *Lombardi v. Range*, No. 01 C 6444, 2003 WL 21800071 (N.D. Ill. July 23, 2003) (dismissing excessive force claim against two officers because they did not touch the plaintiff).

Here, Plaintiff failed to support his excessive force claim with evidence that an officer touched or even contacted him, as required by Federal Rule of Civil Procedure 56(c). Therefore, no officer used any physical force against Plaintiff, let alone excessive force.

**K. No Officer Failed to Intervene.**

Plaintiff alleges in the Amended Complaint that an officer failed to intervene during the alleged constitutional violations.

A police officer may not "fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge." *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). This responsibility applies equally to supervisory and nonsupervisory officers. *Id.* An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know: (1) that excessive force was being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Because no officer used excessive force, arrested Plaintiff, or committed any other constitutional violation, no officer had a duty to intervene.

**L. Conclusion**

Federal Rule of Civil Procedure 56 requires a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is no genuine dispute of material facts because Plaintiff accepted Defendants' facts as true by not responding with alternative evidence. According to the

evidence presented, the Defendants did not violate any of Plaintiff's federal or Indiana state rights. Therefore, the Court GRANTS Defendants' Motion for Summary Judgment (DE 102) on all of Plaintiff's claims. The Clerk is directed to enter summary judgment for all defendants.

SO ORDERED on March 5, 2014.

                                          s/ Joseph S. Van Bokkelen
                                          Joseph S. Van Bokkelen
                                          United States District Judge